IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROGER BLANTON,

    Plaintiff,

v.

HOWDEN ROOTS, LLC,

    Defendant.

Case No. 21-CV-149-JFH-CDL

## OPINION AND ORDER

Before the Court is a motion to remand ("Motion") filed by Plaintiff Roger Blanton ("Blanton"). Dkt. No. 13. Blanton argues that the Oklahoma state court system is the proper forum for the employment dispute he brings against his former employer, Defendant Howden Roots, LLC ("Howden"), because of the amount in controversy. *Id.* Howden opposes the Motion. Dkt. No. 15. For the reasons stated below, Blanton's Motion is **denied.**

## BACKGROUND

Blanton originally filed suit in Tulsa County District Court on March 10, 2021. Dkt. No. 2-2. In his state court petition, Blanton alleged that he worked for Howden as a regional sales manager, for which he was paid a base salary and a quarterly commission based on bookings. *Id.* at 2. After the close of a quarter on September 30, 2020, Blanton gave his two weeks' notice and remained on payroll through November 6, 2020. *Id.* However, Howden did not pay Blanton's third-quarter bonus. *Id.* Blanton sued for breach of contract and liquidated damages, seeking an amount "fair and reasonable in excess of $10,000.00 but not to exceed $75,000.00." *Id.* at 2-3.

Howden removed the suit to this Court on April 5, 2021 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 2. In support of diversity jurisdiction, Howden states Blanton is an Oklahoma resident, Howden is a Delaware and Ohio resident, and the requisite amount in

controversy is met. *Id.* at 3. It bases the amount in controversy on an Oklahoma Department of Labor ("ODOL") claim Blanton brought before filing his state court case. *Id.* at 3-4; Dkt. No. 2-2. There, Blanton sought $110,794.00, which Howden states "clearly evidence[s] that the amount in controversy is well above the jurisdictional requirement of $75,000." *Id.* at 4; Dkt. No. 2-2 at 1, 5.

Blanton filed the Motion on May 4, 2021, arguing that his state court petition's stated damages were meant "to send a clear signal that the claims in the suit were NOT identical to the claims [he] listed in his administrative claim form." Dkt. No. 13 at 2. Howden filed a response in opposition on May 24, 2021. Blanton did not file a reply.

## AUTHORITY AND ANALYSIS

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A case must be remanded to state court if at any time before final judgment it appears the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Howden asserts the Court has jurisdiction under the diversity statute, 28 U.S.C. § 1332(a). Dkt. No. 2 at 3. Section 1332(a) grants federal courts jurisdiction over civil actions in which the matter in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a). Blanton asserts subject matter jurisdiction is lacking and remand is necessary because he claims the amount in controversy is less than $75,000. Dkt. No. 13 at 2.

Where a plaintiff seeks remand based on diversity jurisdiction's amount-in-controversy requirement, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Paros Properties LLC v. Colo. Cas. Ins.*

*Co.*, 835 F.3d 1264, 1271 n.5 (10th Cir. 2016).  A defendant must prove "jurisdictional facts that make it possible that $75,000 [is] in play," but "it is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  A defendant may use estimates of damages based on allegations in the complaint; documentation such as interrogatories, affidavits, or "summary-judgment-type evidence;" or settlement offers from a plaintiff to meet its burden of demonstrating jurisdictional facts.  *Id.* at 955-56.  "Once the removing defendant has sufficiently proven jurisdictional facts, the defendant 'is entitled to stay in federal court unless it is legally certain that less than $75,000 is at stake.'" *Cunningham v. Norris*, No. 21-CV-247-CVE-JFJ, 2021 WL 3017504, at *2 (N.D. Okla. July 16, 2021) (quoting *McPhail*, 529 F.3d at 954)).

Blanton claims the Court lacks jurisdiction because his state court petition pled "a specific recovery of 'an amount that is fair and reasonable in excess of $10,000.00 but not to exceed $75,000.00." Dkt. No. 13 at 2.  He acknowledges that his initial administrative claim with ODOL listed an amount beyond $75,000; he claims, however, that "[a]fter a review of the claims in question," his "counsel understood the viable claims to be **less** than the amount" sought with ODOL.  *Id.* (emphasis in original).  Blanton argues the Court should ignore his ODOL amount because "when a non-lawyer, non-litigant lists a round number that he thinks is appropriate pursuant to his understanding of the rules of an administrative procedure, that does not – and should not – ultimately control the amount in controversy in a lawsuit." *Id.* at 5.

The Court is unpersuaded.[1]  As mentioned, the Court may look to supporting documentation making its assessment.  ODOL paperwork plainly shows Blanton sought

---

[1] The Court notes initially that Blanton cites the wrong standard for remand. Dkt. No. 13 at 4-5. Blanton claims "a removing defendant seeking to override a plainly stated jurisdictional claim bears a 'heavy,' 'significant,' and 'difficult' burden." *Id.* (citing *Crowe v. Coleman*, 113 F.3d

3

$110,794.00 in his administrative claim. Dkt. No. 15-1 at 1, 5. Howden points out that $110,794 is not a particularly "round number" for an unsophisticated plaintiff to estimate on his own. Dkt. No. 15 at 6. And Blanton's unsophisticated-plaintiff argument further suffers because his ODOL paperwork shows that at the time he sought the $110,794.00 amount, he had already retained the attorney who currently represents him in this suit. Dkt. No. 15-1 at 5. Moreover, Blanton's last argument—that "some of the work for which [he] claims he was not compensated was performed in another country" and thus should not be included in the calculations [Dkt. No. 13 at 2]—does not provide enough for the Court to determine it is "legally certain that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954. The ODOL documents are sufficient to demonstrate the jurisdictional amount in controversy by a preponderance of the evidence. Howden is entitled to stay in federal court and remand is improper.

Because the Court denies Blanton's motion to remand, it similarly denies the request for attorney fees included at the end of the remand motion. Dkt. No. 13 at 6.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the motion to remand [Dkt. No. 13] and motion for attorney fees [Dkt. No. 14] filed by Plaintiff Roger Blanton are **DENIED.**

**IT IS FURTHER ORDERED** that Blanton shall file a response to the pending motion to dismiss [Dkt. No. 9] by June 15, 2022.

---

1536, 1538 (11th Cir. 1997); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992); *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1147 (D.N.M. 1999)). He fails to cite either *Dart Cherokee* or *McPhail*, which set out the current standards established by the Legislature, Supreme Court, and Tenth Circuit. "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met . . . [and] the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 574 U.S. at 88-89 (quoting H.R.Rep. No. 112-10, p. 16 (2011)).

DATED this 1st day of June 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE