IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROGER BLANTON,

        Plaintiff,

v.

HOWDEN ROOTS, LLC,

        Defendant.

Case No. 21-CV-149-JFH-CDL

**OPINION AND ORDER**

Before the Court is a motion to dismiss ("Motion") filed by Defendant Howden Roots, LLC ("Howden"). Dkt. No. 8. Plaintiff Roger Blanton ("Blanton") opposes the Motion. Dkt. No. 18. For the reasons stated, the Motion is DENIED.

**BACKGROUND**

The parties agree on the pertinent background for purposes of the Motion. Dkt. No. 8 at 1; Dkt. No. 18 at 1; Dkt. No. 19 at 2. Blanton worked for Howden as a regional sales manager, for which he was paid a base salary and a quarterly commission based on performance and bookings. Dkt. No. 8 at 1. The commission structure was set out in Howden's "Sales Incentive Plan," or "SIP."[1] The SIP required employees to be employed by Howden on the payout date following the quarter for which the commission was earned. *Id*.

> To qualify for quarterly payments, associates must be employed by Howden in good standing through the last day of the quarter, subject to local employment law.

---

[1] The Court may consider the SIP attached to Howden's motion to dismiss without converting its review from dismissal to summary judgment because the SIP is central to Blanton's complaint. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

> Those associates who leave the Company prior to a payout date will not be eligible to receive an incentive payment and will forfeit future incentive payments for the year, subject to local employment law.

Dkt. No. 8-1 at 9. It also required Howden to pay such commissions in the month following the close of each quarter. *Id.* at 8 ("SIP payout is made the following month after quarter close.").

On October 26, 2020, Blanton provided a two-week notice of the termination of his employment.[2] Dkt. No. 8 at 2. After Blanton left Howden, the company paid his base salary through the end date of his employment but did not pay him a third quarter commission. It appears to be uncontested that third-quarter commissions were paid (though not to Blanton) on November 13, 2020.[3]

In December 2020, Blanton filed a claim with the Oklahoma Department of Labor ("ODOL") claiming Howden improperly withheld the commission. *Id.* ODOL dismissed his claim, finding insufficient evidence. *Id.* This lawsuit—initially filed in state court, then removed to this Court—followed.

## STANDARD

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

---

[2] For reasons unclear to the Court, it appears that Blanton's employment ceased four days later on October 30, 2020. *See id.* It also appears that Howden paid Blanton through the two-week notice period, or through November 6, 2020.

[3] Specifically, Blanton says Howden paid third-quarter commissions on November 13, 2020 [Dkt. No. 18 at 2] and neither Howden's Motion nor reply dispute this date or provide a different one [*see* Dkt. No. 8; Dkt. No. 19].

2

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. Although decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs,* 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## AUTHORITY AND ANALYSIS

The parties focus on a narrow legal issue about when performance-based commissions become due and payable "wages" under Oklahoma law and the parties' contract. The Court need not decide this issue, however, because Howden attempts to require strict compliance with the SIP from Blanton when it itself did not strictly comply with its obligations under the same document.

3

Howden's SIP requires its employees to be employed on both the last day of a calendar quarter and the payout date for commissions relating to that quarter. Dkt. No. 8-1 at 9. At the same time, it requires the company to make those payouts during the month after a quarter closes. *Id.* at 8. Calendar quarters are generally divided January through March, April through June, July through September, and October through December. Blanton avers Howden followed this general schedule. *See* Dkt. No. 2-2 at ¶ 11 ("In the Third Quarter, which ended on September 30, 2020 . . ."); Dkt. No. 18 at 1 ("The third quarter of 2020 ended on September 30, 2020.").

Construing the facts in Blanton's favor, as the Court must at this stage, it concludes for purposes of this Motion that the terms of the SIP required Howden to pay commissions for the July through September quarter by the end of October. Blanton was employed with Howden for the full month of October, but Howden did not pay commissions during this time.

Howden cannot delay its own obligations and then claim Blanton left before its obligations became due. Under well-established Oklahoma law,[4] "one party will not be permitted by his breach to create a condition which will tend to bring the other party in default and then assert that such party's rights are forfeited by a default so caused." *Sunray DX Oil Co. v. Great Lakes Carbon Corp.*, 476 P.2d 329, 344 (Okla. 1970) (quoting *Hooper v. Com. Lumber Co.*, 341 P.2d 596, 598 (Okla. 1959)).

## CONCLUSION

IT IS THEREFORE ORDERED that Howden's motion to dismiss [Dkt. No. 8] is DENIED.

---

[4] The SIP does not have a choice of law provision, but both parties briefed the issues under Oklahoma law. *See* Dkt. No. 8-1 at 3-9; Dkt. No. 8; Dkt. No. 18.

DATED this 11th day of September 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

5